DOWLING, J. This is an appeal from so much of an order as denies the motion of the plaintiffs to strike out certain interrogatories, numbered 50 to 58, inclusive, proposed by the defendants to be administered to Helen R. Zeggio, one of the plaintiffs, under a commission heretofore issued for her examination. The action is brought to remove defendants as trustees under the will of Phebe H. Robinson, for the appointment of a receiver, for an accounting, and for other relief. In Wanamaker v. Megraw, 168 N. Y. 125, 61 N. E. 112, it was said:

"The settlement of the interrogatories is in no sense a decision that they are competent or proper, and the judge has no power to change or amend them, or to reject any of them. The allowance or settlement is required only for the purpose of authenticating the interrogatories as the ones which the commissioner is authorized to propound to the witness. He cannot propound any other than such as are thus allowed and authenticated by the judge, but the allowance has no other effect. This is very clear, since by section 892 'either party must be allowed to insert therein any question, pertinent to the issue, which he proposes.' It is very plain, therefore, that the judge on the settlement cannot pass upon the competency of any question, and, of course, he cannot then know what answer will be given. Any question proposed by either party must be allowed, if pertinent to the issue."

Applying these principles to the proposed interrogatories, it is sufficient to say that their pertinency is not made to appear by any facts now before us, and so far as the record shows they can have no bearing upon the issues between these parties at this time.

The order appealed from will therefore be reversed, and the motion granted, to the extent of disallowing the interrogatories numbered 50 to 58, inclusive, with costs to the appellants. All concur.

---

WILUND v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. February 7, 1913.)

APPEAL AND ERROR (§ 1003*)—VERDICT—EVIDENCE.

Where, in a negligence case, the verdict is against the weight of evidence on questions of negligence and contributory negligence, a judgment for plaintiff will be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

Appeal from Trial Term, Kings County.

Action by Anna Wilund, as administratrix of Charles Wilund, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Robert A. Kutschback, of New York City, for appellant.
Frank W. Holmes, of Brooklyn, for respondent.

PER CURIAM. We think that the judgment and order should be reversed, and a new trial granted, costs to abide the event, on the

ground that the verdict is against the weight of evidence on the questions of the defendant's negligence and the decedent's freedom from contributory negligence. We think, also, that the evidence on the question of negligence on the part of Johnson was not sufficient to require submission of said question to the jury, and that it was likewise serious error to submit to the jury the question of wanton and reckless conduct on the part of the motorman.

JENKS, P. J., and THOMAS, CARR and RICH, JJ., concur. WOODWARD, J., concurs, on the ground that the verdict was against the weight of the evidence.